IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| ALFRED L. GRAGG, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 08-0883-CV-W-ODS |
| | ) |
| MICHAEL J. ASTRUE, | ) |
| Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**ORDER AND OPINION AFFIRMING COMMISSIONER'S FINAL DECISION DENYING BENEFITS**

Pending is Plaintiff's request for review of the final decision of the Commissioner of Social Security denying his applications for disability and supplemental security income benefits. The Commissioner's decision is affirmed.

I. BACKGROUND

Plaintiff's challenge is rather narrow, so a detailed recitation of the facts is unnecessary. Plaintiff was born in January 1958 and has prior work experience as a part puller at an auto salvage yard and as a transmission repairer in a repair shop. He was injured in August 2002 when he struck his head, neck, shoulder and back on a forklift while at work. The ALJ found Plaintiff could stand six hours a day, sit for six hours a day, could lift twenty pounds occasionally and ten pounds frequently, and could reach only to the level of his shoulder. Plaintiff discusses the ALJ's findings regarding his physical abilities, but further discussion is not warranted because Plaintiff does not advance an argument or other explanation suggesting the ALJ's findings were erroneous.

The ALJ also found that Plaintiff was functionally illiterate despite dropping out of high school in the ninth grade. While Plaintiff is capable of communicating orally, he is "essentially illiterate." R. at 46. He cannot read or write anything beyond his name, although he knows what road signs mean and can write numbers and perform basic

math calculations (such as calculating change from a $20 bill). R. at 485-86. The ALJ's hypothetical question to the Vocational Expert ("VE") included the following limitation:

> No reading or writing as a job task and by that I mean . . . he can identify and read symbols. He might be able to if it was repeated over and over read a single word such as . . . on/off, stop, pull or push or something like that but as far as reading and writing any sentences or anything more than something that simple he can't do it.

R. at 504. The ALJ also limited Plaintiff "to the performance of simple tasks." Id.

In response to the hypothetical incorporating all of Plaintiff's limitations, the VE testified Plaintiff could not return to his past relevant work but that he could perform other work in the national economy. R. at 504-506.[1] Plaintiff's counsel asked a hypothetical question that added an inability to function "up to as much as one-third of a day" due to depression and difficulties in maintaining social functioning. The attorney's question did not alter ALJ's hypothetical insofar as it related to his ability to write, read, or follow directions. R. at 509-10. Based on the findings regarding Plaintiff's physical limitations (which are not challenged in this proceeding), the findings regarding Plaintiff's mental capabilities, and the VE's testimony, the ALJ decided Plaintiff retained the residual functional capacity to perform work and denied his claim for benefits.[2]

The ALJ's decision is dated February 16, 2007. On August 22, 2007, Plaintiff was seen by Mary Titterington, a vocational rehabilitation consultant in connection with his still-pending worker's compensation claim against his last employer. In the concluding summary, Ms. Titterington opined that Plaintiff "has a Learning Disability, is illiterate, suffers from Major Depressive Disorder, Personality Disorder and Post Traumatic Stress Disorder as well as the residuals from his work related injury." R. at 471. Her conclusion

---

[1]Light jobs identified by the VE included usher, sewing machine operator, and shipping and receiving weigher. Sedentary jobs identified by the VE included stuffer and eyeglass frame polisher. R. at 505-06.

[2]The ALJ found Plaintiff's depression was controlled with medication and did not limit his functional capacity, and this aspect of her decision is not challenged in this proceeding.

2

Case 4:08-cv-00883-ODS   Document 22   Filed 09/18/09   Page 2 of 4

Plaintiff suffers from a learning disability was based on the Wide Range Intelligence Test she administered, which showed Plaintiff was "in the below average or slow learner category range of intellectual functioning. His scores show substantial variance there being a twenty-two point spread between his verbal and visual IQ, which is highly significant for a learning disability and correlates well with the findings of the various psychologists who have evaluated him." R. at 468. She also indicated Plaintiff's academic skills were "in the substantially below average range." Id. Ms. Titterington's report was submitted to the Appeals Council; on October 24, 2008, the Appeals Council denied Plaintiff's request for review.

## II. DISCUSSION

As noted, while Plaintiff has discussed the Record at some length, he has not alleged any of the ALJ's findings regarding his physical capabilities or the effects of depression were erroneous. The sole assignment of error is the ALJ's failure to consider Plaintiff's borderline intellectual functioning and the resulting omission of such a limitation from the hypothetical question posed to the VE and ultimately relied upon to deny Plaintiff's claim for benefits.

"[R]eview of the Secretary's decision [is limited] to a determination whether the decision is supported by substantial evidence on the record as a whole. Substantial evidence is evidence which reasonable minds would accept as adequate to support the Secretary's conclusion. [The Court] will not reverse a decision simply because some evidence may support the opposite conclusion." Mitchell v. Shalala, 25 F.3d 712, 714 (8th Cir. 1994) (citations omitted). Though advantageous to the Commissioner, this standard also requires that the Court consider evidence that fairly detracts from the final decision. Forsythe v. Sullivan, 926 F.2d 774, 775 (8th Cir. 1991) (citing Hutsell v. Sullivan, 892 F.2d 747, 749 (8th Cir. 1989)). Substantial evidence means "more than a mere scintilla" of evidence; rather, it is relevant evidence that a reasonable mind might accept as adequate to support a conclusion. Smith v. Schweiker, 728 F.2d 1158, 1161-62 (8th Cir. 1984). Ms. Titterington's report is part of the Record even though it was not

3

presented to the ALJ. "Where, as here, the Appeals Council considers new evidence but denies review, we must determine whether the ALJ's decision was supported by substantial evidence on the record as a whole, including the new evidence." Davidson v. Astrue, 501 F.3d 987, 990 (8th Cir. 2007).

Plaintiff contends the ALJ's hypothetical was defective because it did not include "Gragg's borderline intellectual functioning and the limitations that this nonexertional impairment place on him." Plaintiff's Brief at 23. It is true that the ALJ's hypothetical question did not use the phrase "borderline intellectual functioning," but this was not required because the phrase – alone – does not describe the limitations imposed on Plaintiff. The ALJ accurately described Plaintiff's limitations: he could not read or write and was limited to simple work. These limitations are sufficient, particularly inasmuch as (1) Ms. Titterington did not suggest any additional limitations on Plaintiff's abilities and (2) Plaintiff does not suggest any additional limitations that should have been included in the ALJ's hypothetical. Cf. Howard v. Massanari, 255 F.3d 577, 582 (8th Cir. 2001) ("The ALJ's hypothetical assumed that Howard was able to do simple, routine, repetitive work. . . . [N]o additional details were brought out on direct or cross-examination. We find that describing her as capable of doing simple work adequately accounts for the finding of borderline intellectual functioning."). In short, Ms. Titterington's confirms the ALJ's findings, but does not add anything new to the Record.[3]

IT IS SO ORDERED.

DATE: September 18, 2009

/s/ Ortrie D. Smith
ORTRIE D. SMITH, JUDGE
UNITED STATES DISTRICT COURT

---

[3]The Court doubts Ms. Titterington is qualified to offer the opinions upon which Plaintiff relies, but there is no need to consider the issue because (1) her opinions are not different than those offered by qualified experts and (2) neither party has raised the issue.